# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KENNETH MOATS, SR.,**

    **Plaintiff,**

vs.                          Case No. 2:19-cv-2361
                             Chief Magistrate Judge Elizabeth P. Deavers

**HOLZER CLINIC,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

On September 25, 2019, Defendants Holzer Clinic, Mary Brown, Rina Garber, Dr. Valtine, Dr. Scott, and Ryan Finch filed a Motion for Judgment on the Pleadings.[1] (ECF No. 40.) On October 4, 2019, Plaintiff filed a letter addressed to Defendants' counsel and enclosed the first page of Defendants' Motion for Judgment on the Pleadings. (ECF No. 47.) The Court directed Plaintiff to clarify by October 18, 2019, whether he intended the letter to Defendants' counsel to serve as his response. (ECF No. 48.) To date, Plaintiff has not filed a response to the Court's Order. As such, Defendants' Motion for Judgment on the Pleadings is now ripe for review. For the reasons that follow, the Motion is **GRANTED**.

## I.

Plaintiff is a *pro se* litigant who initiated suit against several medical professionals as well as a health clinic on June 5, 2019. (ECF No. 1.) Plaintiff filed an amended complaint on June 12, 2019, and a second amended complaint on June 17, 2019. (ECF Nos. 3, 5.) Defendants argue that Plaintiff has not pled sufficient facts to support any claims, let alone the claims his

---

[1] The Court previously dismissed Defendant Andrew Shae. (ECF No. 45.)

Second Amended Complaint purports to allege: insurance fraud and medical malpractice. (*See* Motion for Judgment on the Pleadings, ECF No. 40, at 3–4.) Specifically, Defendants maintain that "insurance fraud" is a crime and that private individuals are unable to enforce it. (*Id.* at 4–5.) As for the medical malpractice claim, Defendants assert that, under Ohio law, a plaintiff alleging any medical claim must attach an affidavit of merit, which Plaintiff failed to do. (*Id.* at 5–8.)

## II.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Jackson v. Prof'l Radiology, Inc.*, 864 F.3d 463, 465–66 (6th Cir. 2017.)

To survive a motion for judgment on the pleadings, Plaintiff's "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). To show grounds for relief, Rule 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings offering mere "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* In fact, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In deciding a Rule 12(c) motion, the Court "must take all the 'well-pleaded material allegations of the pleadings of the opposing party' as true." *Cincinnati Ins. Co. v. Beazer Homes*

*Invs., LLC*, 594 F.3d 441, 445 (6th Cir. 2010) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006)). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Jackson*, 864 F.3d at 466 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n] – 'that the pleader is entitled to relief,'" judgment on the pleadings shall be granted. *Id.*

Finally, "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and therefore are liberally construed." *Olivares v. Michigan Worker's Comp. Agency*, No. 18-2369, 2019 WL 2299250, at *2 (6th Cir. Apr. 16, 2019) (internal citation omitted); *see also Walker v. Miller*, No. 18-3209, 2018 WL 7575709, at *1 (6th Cir. Oct. 17, 2018) ("But we hold pleadings filed by a pro se litigant 'to less stringent standards than formal pleadings drafted by lawyers,' and [we] may not uphold the dismissal of' a pleading by a pro se litigant simply because we think the allegations unlikely.") (quoting *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007)). However, "'pro se plaintiffs are not automatically entitled to take every case to trial.'" *Robinson v. Killips*, No. 18-1485, 2019 WL 1931873, at *1 (6th Cir. Feb. 22, 2019) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)) (affirming in part and reversing in part dismissal of pro se complaint).

**III.**

**A. Plaintiff's Second Amended Complaint Fails to Assert Any Viable Claims**

Construing Plaintiff's Second Amended Complaint liberally, the Court surmises that Plaintiff seeks recovery from Defendants on the basis of insurance fraud and medical malpractice. In support of his claims, Plaintiff's states: "Humana Ins. Fraud AARP Mederica Fraud" and "Overdosing me on high blood, Losartan 25 mg, Hydrochlorot 125 mg, Benazepril 40 mg, Benazepril 20 mg, Sodchloride 1, Sodchloride 1mg." (Second Amended Complaint, ECF No. 5, at 5.) As for the relief sought, Plaintiff asks for "the max amount that can be awar[d]ed by law." *Id.*

Plaintiff attached to his Second Amended Complaint 160 pages of documents, letters, and receipts. "[A] court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). Plaintiff does not identify in his Second Amended Complaint what the documents are or what claims the documents support. The Court has reviewed the documents and is unable to discern their relevance to Plaintiff's purported causes of action.

The Second Amended Complaint itself does not contain sufficient facts to support *any* cause of action. Specifically, Plaintiff does not articulate and the Court is unable to discern from the various documents sufficient facts to support claims for insurance fraud or medical

malpractice. Even reading the Second Amended Complaint liberally in light of Plaintiff's *pro se* status, judgment on the pleadings is warranted in Defendants' favor.

**B. Insurance Fraud**

Defendants assert that Plaintiff's claim for insurance fraud fails because insurance fraud is a crime under Ohio law and, as such, private individuals are without power to enforce it. (Motion for Judgment on the Pleadings, ECF No. 40, at 4–5.) Section 2913.47 of the Ohio Revised Code, titled "Insurance fraud," provides:

> (B) No person, with purpose to defraud or knowing that the person is facilitating a fraud, shall do either of the following:
>
> > (1) Present to, or cause to be presented to, an insurer any written or oral statement that is part of, or in support of, an application for insurance, a claim for payment pursuant to a policy, or a claim for any other benefit pursuant to a policy, knowing that the statement, or any part of the statement, is false or deceptive;
> >
> > (2) Assist, aid, abet, solicit, procure, or conspire with another to prepare or make any written or oral statement that is intended to be presented to an insurer as part of, or in support of, an application for insurance, a claim for payment pursuant to a policy, or a claim for any other benefit pursuant to a policy, knowing that the statement, or any part of the statement, is false or deceptive.
>
> (C) Whoever violates this section is guilty of insurance fraud. Except as otherwise provided in this division, insurance fraud is a misdemeanor of the first degree. . . .

R.C. § 2913(B)–(C).

This statute does not explicitly create an express or implied private right of action for violation of its provisions. Thus, Plaintiff has failed to state a claim upon which relief may be granted because he cannot personally sue the Defendants for insurance fraud under Ohio law.

Defendants also argue that Plaintiff has not satisfied the elevated pleading standards under Fed. Civ. R. 9(b) for allegations of fraud. (Motion for Judgment on the Pleadings, ECF

5

No. 40, at 4–5.) Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." As discussed above, Plaintiff's Second Amended Complaint does not contain facts sufficient to support *any* claims against Defendants. As such, it certainly does not meet the heightened pleading required for an allegation of fraud. Accordingly, judgment on the pleadings is warranted.

### C. Affidavit of Merit

To the extent Plaintiff alleges a claim of medical malpractice, Plaintiff's Second Amended Complaint fails to satisfy the requirement under Ohio law that medical claims must be accompanied by an affidavit of merit. (Motion for Judgment on the Pleadings, ECF No. 40, at 5–8.) Under Ohio Rule of Civil Procedure 10(D)(2), a plaintiff filing a medical malpractice claim must also file an affidavit of merit from an expert qualified under Ohio Rules of Evidence 601(D) and 702.

The requirement of Ohio Rule 10(D)(2) is substantive in nature. *Willis v. U.S., Dep't of Veteran's Affairs*, No. 2:12-CV-867, 2013 WL 3155785, at *3 (S.D. Ohio June 20, 2013) (finding that "it is well-established that the affidavit requirement is substantive in nature"). The Rule applies to this Court when, as here, the medical malpractice claim is before the Court based on diversity jurisdiction. *See Gallivan v. United States*, No. 4:18CV00545, 2018 WL 4145012, at *3 (N.D. Ohio Aug. 30, 2018) ("When applying state law, as the Court does here to . . . [a] medical negligence claim, federal courts apply state substantive law and federal procedural law.") (internal citation omitted).

Here, Plaintiff did not file an affidavit of merit with any of the three complaints he has filed in this action and has not requested an extension of time to file such an affidavit. Accordingly, Plaintiff's Second Amended Complaint fails to meet the requirements for a

6

medical-malpractice claim under Ohio law. Judgment on the pleadings is therefore appropriate on this claim.

## IV.

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (ECF No. 40) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of the Defendants and to remove this case from the Court's pending cases list.[2]

**IT IS SO ORDERED.**


**DATED: October 30, 2019**     /s/ *Elizabeth A. Preston Deavers*
                                **ELIZABETH A. PRESTON DEAVERS**
                                **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] Although he was dismissed, judgment was not entered in favor of Andrew Shea. The Clerk, therefore, is **DIRECTED** to enter judgment in favor of all Defendants.